**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR URRUTIA GAVIDIA, | No. 08-71475 |
| Petitioner, | Agency No. A094-161-007 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Julio Cesar Urrutia Gavidia, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for special rule

cancellation of removal under the Nicaraguan Adjustment and Central American

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo constitutional claims and questions of law. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination where Urrutia Gavidia's testimony was materially inconsistent with the statements he made to the asylum officer during his NACARA interview concerning his service with the civil defense unit ("CDU") in El Salvador. *See Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004).

Substantial evidence also supports the agency's determination that Urrutia Gavidia assisted in the persecution of others on account of their political opinion where he provided the names of suspected guerilla sympathizers to the local leader of the CDU and as a result those individuals were beaten and killed. *See Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927-30 (9th Cir. 2006).

The agency therefore did not err in concluding that as a persecutor of others Urrutia Gavidia was ineligible for special rule cancellation under NACARA, *see* 8 C.F.R. § 1240.66(a), and Temporary Protected Status, *see* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1254a(c)(2)(B)(ii).

Urrutia Gavidia's remaining contentions are unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**